IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:14-cr-00339-WSD |
| PATRICK JACKSON, | |
| Defendant. | |

OPINION AND ORDER

This matter is before the Court on the Government's Motion to Reduce Sentence for Substantial Assistance under Fed. R. Crim. P. 35(b)(2) [51] ("Motion" or "Motion to Reduce Sentence").

I.   BACKGROUND

On April 2, 2015, Defendant Patrick Jackson ("Defendant") pled guilty pursuant to a plea agreement to one count of Conspiracy to Commit Honest Services Mail Fraud, in violation of 18 U.S.C. § 1349. ([33]). On August 12, 2015, Defendant was sentenced to fifty-one (51) months imprisonment with three (3) years of supervised release. ([44]; [45]).

Defendant's plea agreement contained a cooperation provision. Consistent with it, Defendant cooperated with the Government in the investigation and prosecution of Anthony Lepore, John Rife, and Brian Domalik in criminal action

United States v. Lepore et al., 1:15-cr-00367-WSD, NDGa.  The Government recommends a "10-month reduction in Jackson's sentence pursuant to Rule 35(b)(2) . . . [which], if granted, would result in a custodial sentence of 41 months."  (Mot. at 2).

On March 10, 2017, Defendant filed his response to the Government's Motion to Reduce Sentence [52] ("Response").  In it, Defendant requests that the Court "reduce his sentence by an additional 8 months for a total [reduction] of 18 months. . . ."  (Resp. at 2).  The Government does not oppose the additional reduction in Defendant's sentence.  (Resp. at 4).

## II.     DISCUSSION

In evaluating the Government's Motion for Reduction of Sentence under Rule 35(b) based on Defendant's substantial assistance, the Court considers U.S.S.G. § 5K1.1, which provides:

> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
>
> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;

      (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

      (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1; see also United States v. Livsay, 525 F.3d 1081, 1091-1092 (11th Cir. 2008); United States v. Luiz, 102 F.3d 466, 469 (11th Cir. 1996).

Applying these criteria and considering the representations made by the Government in its Motion, and Defendant in his Response, the Court concludes that a sentence reduction is appropriate. The Government's Motion for Sentence Reduction is granted and the Court concludes that Defendant's sentence shall be reduced by twelve (12) months.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government's Motion to Reduce Sentence for Substantial Assistance under Fed. R. Crim. P. 35(b)(2) [51] is **GRANTED**. Defendant Patrick Jackson's term of incarceration is hereby reduced by twelve (12) months, resulting in a custodial sentence of thirty-nine (39) months. All other aspects of Defendant's sentence remain the same.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this Order upon Defendant, defense counsel, the Probation Officer, the United States Attorney, and the United States Marshals Service.

**SO ORDERED** this 16th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4